BEFORE THE THIRD DIVISION, DECEMBER 27, 1961

No. 66314.—United China & Glass Co. et al. *v.* United States, protests 301380–K, etc. (Baltimore).

JOHNSON, Judge: The merchandise involved in these cases consists of decorated porcelain teacups and saucers, assessed with duty under paragraph 212 of the Tariff Act of 1930, as modified, as decorated china tableware.  It is claimed that the merchandise is properly dutiable as decorated chinaware, other than tableware, under said paragraph, as modified.

(289)

Counsel have submitted these cases on a stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, as to merchandise covered by the protests enumerated in the annexed Schedule which is incorporated herein:

1. That the merchandise represented by the items marked "C" and initialed AGF by Exam. Arthur G. Ford on the invoices accompanying the entries covered by the protests enumerated in the attached Schedule of Cases which is incorporated herein and made a part hereof, assessed with duty at 45% or 60% or 70% ad valorem and 10¢ per dozen pieces under Par. 212 of the Tariff Act of 1930, consists of decorated porcelain cups and saucers similar in all material respects to the decorated porcelain cups and saucers the subject of *United States* v. *The Baltimore & Ohio R.R. Co. a/c United China & Glass Company*, 47 CCPA 1, C.A.D. 719, wherein said articles were held to be properly dutiable as decorated chinaware, other than tableware, at 50¢ per dozen, but not less than 45% ad valorem nor more than 70% ad valorem under Par. 212 of said Act as modified by T.D. 51802 and T.D. 51909, which rate has been reduced by the Japanese Protocol of Accession to the General Agreement on Tariffs and Trade, T.D. 53865, to 45% ad valorem with respect to merchandise entered for consumption or withdrawn from warehouse after September 10, 1955.

2. That the record in C.A.D. 719 may be incorporated with the record in this case.

3. That the claims in the protests as to any other merchandise excepting those items marked "C" are hereby abandoned.

4. That the right to first docket call and further amendment to these protests is hereby waived.

5. That the protests herein be deemed submitted on this stipulation and the record thus made.

In the case cited, it was held that the after-dinner coffee cups and saucers there involved were not dutiable as tableware, on the ground that they did not belong to the class of articles chiefly used upon the table for the service of meals, but to the class of novelty articles chiefly used for display or decoration.

In view of the stipulation, *supra*, that the merchandise before us consists of decorated porcelain cups and saucers similar in all material respects to the decorated porcelain cups and saucers the subject of the cited case, we hold that the merchandise represented by the items marked with the letter "C" and with the initials of the examiner on the invoices accompanying the entries covered by the protests enumerated in the attached schedule is properly dutiable as decorated chinaware, other than tableware, not containing 25 per centum or more of calcined bone, as follows: (a) As to all items entered, or withdrawn from warehouse, for consumption prior to September 10, 1955, at 50 cents per dozen, but not less than 45 per centum nor more than 70 per centum ad valorem, under paragraph 212 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, and the President's proclamation of May 4, 1948, T.D. 51909, and (b) as to all items entered, or withdrawn from warehouse, for consumption on and after September 10, 1955, at 45 per centum ad valorem under said paragraph, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, T.D. 53865, effective September 10, 1955, T.D. 53877.

To that extent, the protests are sustained. As to all other items, the protests, having been abandoned, are overruled. Judgment will be rendered accordingly.